**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jaime SANTA–NARANJO,
Defendant–Appellant.**

No. 03–50778.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided June 22, 2004.

** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

---

Joseph H. Gay, Jr., Assistant U.S. Attorney, Angela S. Raba, San Antonio, TX, for Plaintiff–Appellee.

Joseph Dean Vasquez, El Paso, TX, for Defendant–Appellant.

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

**PER CURIAM:** *

Jaime Santa–Naranjo appeals the sentence he received pursuant to his guilty-plea conviction for conspiracy to possess and possession with intent to distribute cocaine and aiding and abetting in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), 846, and 18 U.S.C. § 2. Santa–Naranjo argues that his sentence violates the Eighth Amendment prohibition against cruel and unusual punishment and his constitutional rights to due process and equal protection because his sentence was based upon the 34 kilograms of cocaine that he purchased and carried as a courier, when he did not know the type or amount of the controlled substance involved in the transaction. We review Santa–Naranjo's objections for plain error because he raises them for the first time on appeal. *See United States v. Knowles*, 29 F.3d 947, 950–51 (5th Cir.1994).

Santa–Naranjo's sentence is not grossly disproportionate to his crime and therefore does not violate the Eighth Amendment. *See Harmelin v. Michigan*, 501 U.S. 957, 1001–05, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). In addition, the district court's imposition of a sentence based upon the type and amount of controlled substance that Santa–Naranjo carried was not error, plain or otherwise. *See United States v. Valencia–Gonzales*, 172 F.3d 344, 345–46 (5th Cir.1999).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.